B. W. NASH, Trustee, v. JULIUS E. SUTTON et al.

*Churches—Religious Societies—Trustee—Jurisdiction—Appeal.*

1. A duly appointed trustee of a religious society may maintain an action for the removal of faithless or incompetent trustees, and compel them to convey the property held by them to the purposes for which it was designed, and such trustee may also maintain an action to set up a lost deed executed for the benefit of the *cestui que trust.*

2. In the absence of such trustee and a governing body authorized to appoint, any member of a religious society has such a beneficial interest as will enable him, in behalf of fellow-members, to maintain such action as may be necessary to protect their common interest.

3. A trustee of a religious society instituted a special proceeding, in which he demanded judgment that certain other trustees should be removed and that a lost deed should be set up and a trust therein declared. A demurrer for misjoinder of causes of action was sustained by the Clerk, and affirmed on appeal by the Judge: *Held,* (1) that there was no error in sustaining the demurrer; (2) that the question of jurisdiction being involved in the appeal from the Clerk, the plaintiff, on the hearing thereof, would not be allowed to abandon the causes of action of which the Clerk could not take cognizance, and rely upon that of which he had jurisdiction in order to acquire a status in the Court in term time.

This was a SPECIAL PROCEEDING, commenced before the Clerk of the Superior Court of LENOIR County, and heard by *McIver, J.,* at Chambers at Kinston, N. C., September 2d, 1891, on appeal of the plaintiff from the judgment of the Clerk in sustaining the demurrer of defendants and dismissing the action.

The petition of the plaintiff alleged, in substance—

That on or about the __ day of ____, 1872, the defendants Julius E. Sutton and wife Nansetta Sutton executed unto B. F. Sutton, Jr., and others, trustees of the Baptist church at Hickory Grove, Lenoir County, a deed of trust conveying the

described land; that said deed was duly probated and recorded, but the records containing the registry were destroyed in the burning of the court-house, about the _ _ day of _ _ _ _, 1878, and there is now no copy of said deed in existence, and the original deed is lost or destroyed; that the said trustees entered into and accepted the trust, and took possession of the lands as above conveyed, for the use and benefit of the said Baptist church and Baptist denomination, and for the use and benefit of the members thereof; that the various Baptist churches in the counties of Wayne, Duplin, Pender, Greene and Lenoir organized the Union Association of the Baptist churches, and the church at Hickory Grove became a member; that this plaintiff was, at the time of the organization of the said Union Baptist Association, a member of the Baptist church at Hickory Grove, and is still a member of said Baptist church at Hickory Grove; that the said defendant trustees " on or about the _ _ day of _ _ _ _, 1885, contrary to the law in such case made and provided, and contrary to their most solemn religious covenants and agreement, violently and unlawfully abuse their most solemn trust as trustees of the Baptist church at Hickory Grove, and did unlawfully connive with, aid and abet and unlawfully make attornment, and did unlawfully affiliate and join with, and render possession of said Baptist church at Hickory Grove to the Methodist Protestant denomination, and the said defendants do so now unlawfully hold the said church and premises, contrary to their most solemn trust and obligation, and contrary to the law in such cases made and provided, and are incompetent to execute said trust according to its true intent and meaning."

That the plaintiff was duly appointed as agent and sole trustee of Union Baptist Association on the 2d day of October, 1886, with power to act in the premises. " Wherefore, this plaintiff prays that a summons may be issued by this Court to the said defendants to show cause, if any they have,

why an order should not issue from the Court to the county processioner, and procession the above said lands, and the Court declare the right, title and interest of this plaintiff on behalf of himself and other *cestui que trustents* under the above said deed of conveyance, and the Court remove said trustees and appoint one or more trustees to execute said trust according to its true intent and meaning."

The defendants demurred to the complaint, and assigned as ground thereof, among others—

3. For that there is a misjoinder of several distinct and independent causes of action : (1) to have the land processioned, and the contents of the lost deed declared ; (2) to have a trust estate in said lands declared in favor of plaintiff; (3) to have the defendant's trustees removed, and to have one or more trustees appointed in their stead.

The third ground of demurrer was sustained by the Clerk, and on appeal to the Judge the judgment was affirmed, and plaintiff appealed.

*Mr. H. E. Shaw*, for plaintiff.
*Messrs. George Rountree* and *W. R. Allen*, for defendant.

AVERY, J. : The statutes in reference to religious societies (*The Code*, ch. 54) provide amply for securing the title to lands once conveyed for a church site for the benefit of the people constituting the congregation that worship in it. The legal estate vests in the trustees to whom it may be conveyed for the use of a church, congregation, denomination or society, or " *in case there shall be no trustees*," then in the congregation, etc., respectively, *according to such intent.* § 3665.

To the end that the higher Courts and governing corporate bodies of the various religious denominations may have the oversight of such property and manifest some interest in repairing, improving and using it, they are empowered to appoint trustees to hold property conveyed for the benefit of

particular congregations, on failure of those originally appointed, or where none are appointed, and also to hold such lands as may be donated, devised or bought for the use of such governing bodies. § 3667.

If the plaintiff was appointed a trustee by a body of the denomination, which, as he alleged, was authorized to make such appointments, he would have the right to maintain an action before the proper tribunal to restore a lost deed, which conveyed land to trustees who have proved faithless to their trust and attempted to wrest property from the original beneficiaries and turn it over to others. When a proper proceeding is instituted, the law is not powerless in the presence of any such fraud. It is not our province to know or decide judicially whether congregational government or representative government prevails in any given denomination. Where the authority is claimed for a body under their system of church government, such an allegation must be treated as true and acted on, if it be distinctly alleged and admitted by demurrer or otherwise. If the authority does not exist, the question of power may be tried on an issue raised by an answer.

On the other hand, where, as a fact, there is no higher governing body in any denomination than the congregation, every member has such a beneficial interest as would enable him, in behalf of his brethren and associates, to maintain an action to restore a lost title deed for the church at which he worships, and for the removal of trustees who have attempted to defraud their beneficiaries, and for the substitution of others or the adjudication that the title is in the congregation at large. The Code, § 185.

The plaintiff brings the action as a trustee appointed by the association, and neither he nor any other member of the congregation joins as equitable owners under the conveyance.

If the action had been brought originally in the Superior Court at term time by the plaintiff in such capacity that he

could show himself a party in interest, as alleged, he would be entitled to set up the lost deed and have the faithless fiduciaries of his church removed. But when he elected to apply to the Clerk for the removal of the trustees, and for an order to procession the land, and likewise to set up a lost record, he could not on the hearing of an appeal involving the very question of jurisdiction, rightfully insist, according 'to the construction given by this Court to *The Code*, that the Judge should ignore a well-founded exception to the Clerk's ruling, and dispose of all matters in controversy as if the summons had been returnable in term. *Capps* v. *Capps*, 85 N. C., 408. Neither does the later statute (Laws of 1887, ch. 276) apply in this case. The purpose of that act was to provide, in all cases where a special proceeding should be brought from the Clerk to the Court in term to pass upon an issue of law or try an issue of fact, that the higher tribunal might at its discretion pass upon without remanding any question involved in the controversy of which the Clerk might take cognizance, if the cause were sent back. But it was not contemplated by the Legislature that under its provisions a party who should be *coram non judice* before the Clerk, could take advantage of his own mistake or purposely make it in order to obviate a well-grounded objection to the jurisdiction, and secure by indirection what he could not obtain directly, a hearing before the Judge as a Court of original jurisdiction, just as if he had brought an action instead of a special proceeding.

If the plaintiff can establish the authority of the religious body under which he claims to act as trustee, to clothe him with the functions of that place, he can institute and maintain in the Superior Court at term an action to restore the lost deed and to have the faithless trustees removed, because if he is rightfully appointed the legal estate would vest in him under the statute (section 3667) upon either the death or removal of the original trustees to whom the land was

conveyed.   On the other hand. as a member of a congrega-
tion, all of whom it is inconvenient to join, he may main-
tain an action under section 185 of *The Code,* if the system
of government shall prove to be congregational, because the
statute provides that the beneficial interest in lands given
for churches shall at all events vest in the members of the
congregation, and on failure of trustees, and when no pro-
vision is made for that contingency by a higher governing
body, the legal estate (under § 3665) also vests in the con-
gregation.   There was no error therefore in the judgment
of the Court sustaining the demurrer to the jurisdiction of
the Clerk to restore a lost deed.

Affirmed.