*686 HUNTER, Judge.
Mary R. Bridges, William D. Bridges, Max G. Oates, Betty M. Padgett, J. Gene Mauney and Mary C. Sims ("plaintiffs"), contend the trial court erroneously dismissed their complaint for failure to join Washington Missionary Baptist Church as a defendant. After careful review, we reverse the order below.
*687 Plaintiffs and defendants are members of Washington Missionary Baptist Church. Plaintiffs Mary R. Bridges, William D. Bridges, and Betty M. Padgett are members of the Political Action Committee of which Padgett is the chairperson. Padgett is also a member of the by-laws committee and Mr. Bridges is a trustee. Defendants also serve as officers of the church. Denorris Byers is the pastor, Bobby Gene Oates is the chairman of the trustee board and a member of the finance committee and Howard Lewis Webber is chairman of the finance committee and a trustee.
The church is an organized congregational church governed by a church constitution and by-laws. Decisions are made by a majority vote of the church congregation. Plaintiffs complain of two actions they contend are contrary to the church constitution and by-laws, the majority vote of the congregation, and constitute tortious conduct.
First, in November 1998, a Finance Committee report indicated that approximately $35,000.00 of church funds were missing. The Political Action Committee, the Finance Committee and the Trustee Board met with an attorney to determine potential solutions to the problems regarding the missing funds. After this meeting, representatives from these committees met with the Deacon Board and the interim pastor, Reverend Byers, to discuss the problems and potential solutions. At the meeting, Reverend Byers indicated a congregational meeting would not be held, no votes would be cast, and no minutes would be taken. According to the complaint, Defendants Bobby Oates, Trustee Board Chairman, and Webber, Finance Committee Chairman, supported and enforced the pastor's decision. Plaintiffs contend the missing funds were used by defendants for their personal use.
Second, plaintiffs complain that Bobby Oates and Webber have allowed Reverend Byers to continue as pastor and have paid him contrary to the majority vote of the congregation. In December 1997, the church congregation contracted with Reverend Byers to serve as interim pastor for one year. Near the end of the contractual year, the congregation by majority vote decided that Reverend Byers was a candidate for the position of minister at the church. Pursuant to church by-laws, following the expiration of the interim pastor contract and two consecutive morning services, a congregational meeting was held to determine whether Reverend Byers would become the church pastor. In January 1999, the members present voted by secret ballot and Reverend Byers did not receive the necessary two-thirds of the vote required by the by-laws for him to assume the role of pastor. According to the by-laws, Reverend Byers was to be excused as a candidate for pastor. However, Reverend Byers remained as "acting pastor" after the vote notwithstanding the congregational vote and the expiration of the interim pastor contract. Moreover, defendants Bobby Oates and Webber continued to pay Reverend Byers a salary, including unapproved salary increases and benefits, out of church funds.
After plaintiffs expressed their dissatisfaction with these occurrences, plaintiffs allege defendants began encouraging the church congregation during several church services to excommunicate them from the church and made several comments indicating plaintiffs were "trying to destroy the Church," and had "engaged in acts ... not Christian in nature."
In July 1999, plaintiffs filed a complaint against defendants asserting four claims arising out of the aforementioned occurrences. After taking a voluntary dismissal in December 2000, plaintiffs refiled their complaint in December 2001, which was amended in June 2001. In their amended complaint, plaintiffs asserted claims for civil conversion, conspiracy to intentionally inflict emotional distress, conspiracy to negligently inflict emotional distress, slander, conspiracy to breach constitution and by-laws, negligent misrepresentation, breach of by-laws and constitution, conspiracy to commit civil conversion, constructive fraud, and breach of fiduciary responsibility. Defendants moved to dismiss the complaint for failure to join Washington Missionary Baptist Church as a party and failure to state a claim upon which relief can be granted. After a 30 January 2003 hearing, the trial court filed a written order on 12 February 2003 stating defendants *688 were entitled to relief in its motion for failure to join a necessary party and for failure to state a claim upon which relief can be granted as to the slander claim, but allowed plaintiffs ten days to amend the complaint. On 10 February 2003, plaintiffs filed a second amended complaint but did not serve defendants until 14 April 2003. The record contains two alias and pluries civil summons dated 10 February 2003 and 12 March 2003. Prior to being served, defendants renewed its motion to dismiss for failure to join a necessary party contending plaintiffs had not complied with the trial court's order given in open court on 30 January 2003 and filed on 13 February 2003. On 2 May 2003, the trial court granted defendants' motion. Plaintiffs appeal.
As explained in Insurance Co. v. Walker, 33 N.C.App. 15, 234 S.E.2d 206 (1977):
G.S. 1A-1, Rule 17(a) of the North Carolina Rules of Civil Procedure provides that "[e]very claim shall be prosecuted in the name of the real party in interest ... [.]" Although Rule 17 by its terms applies only to parties plaintiff, the rule is applicable to parties defendant as well. A real party in interest is ... a party who is benefited or injured by the judgment in the case. An interest which warrants making a person a party is not an interest in the action involved merely, but some interest in the subject matter of the litigation." The real party in interest is the party who by substantive law has the legal right to enforce the claim in question.
Id. at 18, 234 S.E.2d at 209 (citations omitted) (emphasis omitted). Applying these rules to this case, plaintiffs' claims for conspiracy to intentionally inflict emotional distress, conspiracy to negligently inflict emotional distress, and slander should not have been dismissed. Plaintiffs contend defendants committed these alleged torts against plaintiffs and the church was the forum in which plaintiffs contend defendants engaged in these allegedly tortious activities. Specifically, plaintiffs contend defendants conspired to intentionally or negligently inflict emotional distress by "proclaiming during various Church services that ... Plaintiffs ... be excommunicated from the Church" because plaintiffs made inquiries about the missing money. Plaintiffs also contend defendants made slanderous comments, such as:
Plaintiffs are not working towards the mission of the Church;... [p]laintiffs have engaged in acts which are not Christian in nature; ... [p]laintiffs deserve to be excommunicated because they are trying to destroy the Church; ... [and] the Church would be in a better position to prosper if the Plaintiffs were not members.
These claims do not involve the church congregation as a whole but are specific allegations against defendants regarding alleged torts committed against plaintiffs. Washington Missionary Baptist Church is not a necessary party to the slander and conspiracy to intentionally or negligently inflict emotional distress claims. Therefore, the trial court erroneously dismissed these three claims.
Plaintiffs also challenge the trial court's order dismissing the other claims in their complaint for failing to join a necessary party, Washington Missionary Baptist Church. The trial court based its decision upon three grounds:
(a) the designation of Washington Missionary Baptist Church as "as a corporation or as an unincorporated association or other entity" given the fact this lawsuit has been pending in his [sic] present or predecessor form for almost four (4) years, the designation of the church under such vague description does not constitute any sort of reasonable effort to name the church as a party defendant.
(b) At this time no civil summons appears in the file, although plaintiffs counsel has offered what appears to be the original of an alias and pluries summons, issued by the clerk on March 12, 2003, directed to defendant 1 Denorris Byers, ... defendant 2 Washington Missionary Baptist Church.... Plaintiffs' counsel also asserts to the Court that an original summons was issued on February 12, 2003.
(c) In plaintiffs second amended complaint no allegations against Washington Missionary *689 Baptist Church are included so as state [sic] any claim whatsoever against Washington Missionary Baptist Church thereby making the addition of said party within the caption of the complaint a nullity.
We first address the trial court's finding that plaintiffs failed to make any allegations or assert any claims against Washington Missionary Baptist Church thereby making the church's inclusion in the caption a mere nullity.
Plaintiffs assert claims for civil conversion, conspiracy to breach constitution and by-laws, negligent misrepresentation, breach of by-laws and constitution, conspiracy to commit civil conversion, constructive fraud, and breach of fiduciary responsibilities. In each of these claims, plaintiffs contend they have "suffered actual, special and punitive damages, jointly and severally, in excess of $10,000.00" arising from defendants' conduct. A closer analysis of these claims reveals that any legally cognizable harm or damages arising from the defendants' alleged actions was experienced by the entire Washington Missionary Baptist Church congregation and not solely these individual plaintiffs. Indeed, each of these claims reference how defendants' actions constituted a breach of a duty owed to the church. For example, negligent misrepresentation:
These Defendants as officers of the religious organization maintain a duty to fully and accurately disclose the financial status and affairs of the religious organization.
These Defendants breached its duty in failing to disclose to Plaintiffs and other members of the religious organization that financial resources of said organization have been utilized to secure personal debts and responsibilities of the Defendants.
Breach of By-laws and Constitution:
These Defendants, in the collection and distribution of monies paid by these Plaintiffs, for the benefit of the Church held themselves out as ready, willing and able to abide by the By-Laws and constitution of the regulations of the Church in carrying out their function.
These Defendants, jointly and severally are in breach under this Count, including, but not limited to the following ways....
Breach of Fiduciary Responsibility:
The Defendants were placed in a fiduciary capacity to maintain the assets of the religious organization.
In accordance with said position of trust, these Plaintiffs have entrusted substantial monies to these Defendants which Plaintiffs paid on behalf of the religious organization.
These Defendants have breached their respective fiduciary responsibilities to these Plaintiffs by the acts complained of in all previous Counts, to the detriment of said religious organization.
Although plaintiffs contend they were individually harmed by defendants' actions because they made monetary donations to the church and are thereby entitled to monetary damages, North Carolina law indicates trustees are accountable to the church for any donations given to the church. See N.C. Gen.Stat. § 61-2 (2003) (stating that in regards to donations, real and personal property, trustees "shall be accountable to the churches, denominations, societies and congregations for the use and management of such property"). Thus, Washington Missionary Baptist Church suffered any harm in this case since defendants as Pastor, Chairman of the Trustee Board and Chairman of the Finance Committee owed a duty to the church. Accordingly, the trial court's determination that plaintiffs failed to make any allegations or assert any claims against the church making the addition of the church to the caption a nullity was erroneous. Rather, the action should have been prosecuted on behalf of the church.
The general rule seems to be that "(t)he right of action by or against religious societies and questions of parties and procedure in such actions are governed in the case of religious corporations by the rules governing actions by or against corporations generally, and in case of unincorporated ecclesiastical bodies, by the principles applicable in the case of other voluntary societies and associations."
*690 Goard v. Branscom, 15 N.C.App. 34, 37, 189 S.E.2d 667, 669, cert. denied, 281 N.C. 756, 191 S.E.2d 354 (1972) (emphasis omitted). In their original complaint, which was incorporated by reference in their amended complaint, plaintiffs allege Washington Missionary Baptist Church was incorporated.
Under the North Carolina Business Corporation Act, N.C. Gen.Stat. §§ 55-7-40, 55-7-40.1, 55-7-41, and 55-7-42, plaintiffs have standing to bring a derivative proceeding. As explained in the official comments to N.C. Gen.Stat. § 55-7-40 (2003), "the derivative action has historically been the principal method of challenging allegedly improper, illegal, or unreasonable action by management." Thus, "a shareholder may bring a derivative proceeding in the superior court of this State." N.C. Gen.Stat. § 55-7-40.
In the context of churches, a church member may sue on behalf of the church. As early as 1891, our Supreme Court recognized that a member of a congregational church has standing to maintain an action on behalf of the congregation when a trustee has acted beyond the scope of his or her authority. See Nash v. Sutton, 109 N.C. 550, 14 S.E. 77 (1891). In Nash v. Sutton, our Supreme Court stated that
where ... there is no higher governing body in any denomination than the congregation, every member has such a beneficial interest as would enable him, in behalf of his brethren and associates, to maintain an action to restore a lost title deed for the church at which he worships, and for the removal of trustees who have attempted to defraud their beneficiaries, and for the substitution of others or the adjudication that the title is in the congregation at large.
Id. at 553, 14 S.E. at 78. This holding was based upon The Code of North Carolina § 185 (1883), of which the modern version, N.C. Gen.Stat. § 1-70, was repealed by 1967 N.C. Sess. Laws ch. 954, § 4. The 1883 Code provided:
Of the parties to the action, those who are united in interest must be joined as plaintiffs or defendants; but if the consent of any one who should have been joined as plaintiff cannot be obtained, he may be made a defendant, the reason thereof being stated in the complaint; and when the question is one of a common or general interest of many persons, or where the parties may be very numerous, and it may be impracticable to bring them all before the court, one or more may sue or defend for the benefit of the whole.
Although this statutory provision has been repealed, comparable provisions exist in our current General Statutes, N.C. Gen.Stat. §§ 1A-1, Rules 19(a) and 23(a) (2003). These provisions provide in pertinent part:
[Rule 19](a) Necessary joinder. - Subject to the provisions of Rule 23, those who are united in interest must be joined as plaintiffs or defendants; but if the consent of anyone who should have been joined as plaintiff cannot be obtained he may be made a defendant, the reason therefor being stated in the complaint....
[Rule 23](a) Representation. - If persons constituting a class are so numerous as to make it impracticable to bring them all before the court, such of them, one or more, as will fairly insure the adequate representation of all may, on behalf of all, sue or be sued.
Thus, plaintiffs in the case sub judice are not precluded from prosecuting a complaint against defendants, whom they allege have derived an improper personal financial benefit from the transaction, committed gross negligence or willful or wanton misconduct that resulted in damage or injury, not acted within the scope of his official duties, or not acted in good faith. See N.C. Gen.Stat. § 61-1. Plaintiffs may maintain this action if it is structured properly.
In a derivative action, "[o]rdinarily, the right to sue officers of a corporation for mismanagement is in the corporation. Relief must be sought through the corporation or in an action to which it is a party." Parrish v. Brantley, 256 N.C. 541, 544, 124 S.E.2d 533, 536 (1962). "Procedurally, the ... plaintiffs must first seek to obtain their remedy within the corporation itself, unless such demand would be futile." Alford v. Shaw, 72 N.C.App. 537, 539-40, 324 S.E.2d 878, 881 (1985), modified and aff'd, 320 N.C. 465, 358 *691 S.E.2d 323 (1987); N.C. Gen.Stat. § 55-7-42 (2003).
The demand requirement serves the obvious purpose of allowing the corporation the opportunity to remedy the alleged problem without resort to judicial action, or, if the problem cannot be remedied without judicial action, to allow the corporation, as the true beneficial party, the opportunity to bring suit first against the alleged wrongdoers.
Alford, 72 N.C.App. at 540, 324 S.E.2d at 881. North Carolina statutes do not require any demand to be made on shareholders. Russell M. Robinson, II, Robinson on North Carolina Corporation Law § 17.03(3) (2002). According to plaintiffs' original complaint, incorporated by reference into each of the amended complaints, plaintiffs allege they made a demand upon defendants to cease the actions deemed contrary to the church by-laws and the decisions made by the congregation and plaintiffs allege they are acting on behalf of Washington Missionary Baptist Church.[1] Plaintiffs are also church officers seeking to redress the wrongs allegedly committed by other officers of the church.
The trial court also dismissed plaintiffs' complaint because:
(a) the designation of Washington Missionary Baptist Church as "as a corporation or as an unincorporated association or other entity" given the fact this lawsuit has been pending in his [sic] present or predecessor form for almost four (4) years, the designation of the church under such vague description does not constitute any sort of reasonable effort to name the church as a party defendant.
In a derivative action, "the corporation itself ... is a necessary party to the action and is normally joined as a nominal defendant." Russell M. Robinson, II, Robinson on North Carolina Corporation Law § 17.05(2) (2002). In this case, although the caption vaguely described the church as either a corporation or unincorporated association, plaintiffs alleged the church was incorporated.
Finally, the trial court dismissed plaintiffs' action because:
(b) At this time no civil summons appears in the file, although plaintiffs counsel has offered what appears to be the original of an alias and pluries summons, issued by the clerk on March 12, 2003, directed to defendant 1 Denorris Byers, ... defendant 2, Washington Missionary Baptist Church.... Plaintiffs' counsel also asserts to the Court that an original summons was issued on February 10, 2003.
According to the 12 February 2003 written order filed after the 30 January 2003 hearing, the trial court allowed plaintiffs ten days to amend its complaint to add Washington Missionary Baptist Church as a party. The record indicates an amended complaint adding Washington Missionary Baptist Church as a defendant was filed on 10 February 2003, which was within the time allowed by the trial court. Alias and pluries summons were issued to Howard Lewis Webber, Bobby Gene Oates, Denorris Boyd, and Washington Missionary Baptist Church on 10 February 2003 and 12 March 2003. Accordingly, we conclude the trial court erroneously determined plaintiffs failed to comply with the 12 February 2003 written order.
In sum, plaintiffs have a right to maintain an action on behalf of Washington Missionary Baptist Church against defendants, church officers whom plaintiffs allege have converted church property, mishandled church funds, and have acted contrary to the decisions made by the congregation. Since plaintiffs allege the church is incorporated, plaintiffs' complaint must be brought as a derivative action. If the church is not incorporated, plaintiffs suit could proceed if the requirements of N.C. Gen.Stat. § 61-1 et seq. are met. Nonetheless, plaintiffs' original complaint alleges a demand was made upon the officers, plaintiffs alleged they were acting on behalf of the church, and plaintiffs named the church as a defendant in the amended complaint. As such, the trial court's conclusion that they failed to add *692 Washington Missionary Baptist Church as a party was erroneous.
Reversed and remanded for further proceedings in accordance with this opinion.
Judges TIMMONS-GOODSON and McCULLOUGH concur.

We note that in a 4 November 2002 hearing and the written order filed on 12 November 2002 regarding several defense motions, including failure to join a necessary party, the trial court denied plaintiffs' oral motion to make Washington Missionary Baptist Church a party.