Assoc. Behavioral Servs. Inc. v. Smith, 2011 NCBC 22.

STATE OF NORTH CAROLINA         IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
COUNTY OF ROBESON              09 CVS 3854

| | |
|---|---|
| ASSOCIATE BEHAVIORAL SERVICES ) INC. and GREGORY MOORE, ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> SHIRLEY SMITH, JEANETTE SMITH, ) and LIFE CHANGING BEHAVIORAL ) SERVICES, LLC, ) <br> Defendants. ) | **ORDER AND OPINION ON MOTION FOR SUMMARY JUDGMENT** |

THIS CAUSE, designated a complex business case by Order of the Chief Justice of the North Carolina Supreme Court, pursuant to N.C. Gen. Stat. § 7A-45.4(b) (herein, further references to the General Statutes will be to "G.S."), and assigned to the undersigned Chief Special Superior Court Judge for Complex Business Cases, now comes before the court upon Defendant Jeanette Smith's and Defendant Life Changing Behavioral Services, LLC's ("LCBS") (collectively, for purposes of this Motion, the "Defendants") motion for summary judgment (the "Motion") as to the Plaintiffs' claims ("Claims") against them, pursuant to Rule 56 of the North Carolina Rules of Civil Procedure ("Rule(s)").

After considering the Complaint, the Motion, the arguments and briefs in support of and in opposition to the Motion, the court CONCLUDES that the Motion should be GRANTED.

*Gregory Moore, pro se*

*Williams, Walton & Scott by C. Martin Scott II, Esq. for Defendants Jeanette Smith and Life Changing Behavioral Services, LLC*

Jolly, Judge.

I.

PROCEDURAL HISTORY

[1]      On October 22, 2009, Plaintiffs Gregory Moore ("Moore") and Associate Behavioral Services, Inc. ("ABS") filed their Complaint against Jeanette Smith, LCBS and Shirley Smith.[1]

[2]      On March 15, 2011, Defendants Jeanette Smith and LCBS filed the Motion.

[3]      On June 9, 2011, the court held a hearing on the Motion and several other outstanding issues in the case.

[4]      The Motion is fully briefed, argued and ripe for determination.

[5]      Unless otherwise indicated herein, the material facts reflected in paragraphs 6 through 8, 15 and 16 of this Order exist, are undisputed and are pertinent to the issues raised by the Motion.[2]

II.

FACTUAL BACKGROUND

[6]      ABS provides home services to the mentally ill, developmentally disabled and other needy individuals.[3]  ABS is a G.S. Chapter 55 corporation.  It was founded in

---

[1] This Motion does not address claims against or by Shirely Smith and will mention her only when necessary.  She is not included in the defined term Defendants as it relates solely to this order.
[2] It is not proper for a trial court to make findings of fact in determining a motion for summary judgment under Rule 56.  However, it is appropriate for a Rule 56 order to reflect material facts that the court concludes exist and are not disputed, and which support the legal conclusions with regard to summary judgment. *Hyde Ins. Agency v. Dixie Leasing*, 26 N.C. App. 138, 142 (1975).
[3] Compl. ¶ 8.

2003 by Moore and Shirley Smith, who each own 50 percent of its shares.[4]  Moore is the Chief Executive Officer of ABS and Shirley Smith is its Chief Operating Officer.[5]

[7]      Plaintiff Moore and Shirley Smith have disagreed frequently during the last several years with regard to the future and direction of ABS.  In an attempt to avoid conflict, Moore and Shirley Smith attempted to run and manage separate ABS offices.  However, that practice proved insufficient to resolve the differences between the two shareholders.

[8]      Plaintiff Moore and Shirley Smith are hopelessly deadlocked in the management of the corporate affairs of ABS, and they have been unable to break the deadlock.[6]  As a result, by Order dated January 29, 2010 and filed on February 2, 2010, a Receiver for ABS was appointed pursuant to G.S. 55-14-30, 55-14-31 and 55-14-32.

III.

DISCUSSION

[9]      Under Rule 56(c), summary judgment is to be rendered "forthwith" if the pleadings, depositions, answer to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law.[7]  In considering a Rule 56 motion, the court views the evidence in the light most favorable to the nonmoving party.[8]

[10]     Plaintiffs assert Claims against Defendants in five counts: Unfair and Deceptive Trade Practices ("Claim Three"), Tortious Interference with Contract ("Claim

---

[4] *Id.* at 6.  There was also a third partner whose interest was purchased by Moore and Shirely Smith prior to the events giving rise to this action.
[5] *Id.* at 14.
[6] *Id.* at 12, 15.
[7] *Grayson v. High Point Dev. Ltd. P'ship*, 175 N.C. App. 786, 788 (2006).
[8] *Bruce-Terminix Co. v. Zurich Ins. Co.*, 130 N.C. App. 729, 733 (1998).

Five"), Civil Conspiracy ("Claim Six"), Punitive Damages ("Claim Seven") and Injunctive Relief ("Claim Eight").[9]

[11]    Plaintiffs argue that Jeanette Smith is liable and can be held responsible to ABS because she was an employee and she was aware that ABS had a corporate policy prohibiting employees from competing with ABS, and which allowed the termination of employment of any employee who violated that policy.[10]

[12]    Defendants contend that Moore cannot bring the claims on behalf of ABS and that Moore does not have any individual claims against Jeanette Smith or LCBS.[11]

[13]    Defendants also contend that since Plaintiffs cannot produce an employment contract for Jeanette Smith containing either a covenant not to compete with ABS or any other restrictive covenant, there exist no viable Claims against her and this action should be dismissed as to Jeanette Smith.[12]

[14]    Under North Carolina law, if shareholders bring an action to enforce a primary right belonging to the corporation, their claim is derivative and the corporation is a necessary party. *Howell v. Fisher*, 49 N.C. App. 488, 492 (1980).  North Carolina law requires shareholders to "seek to obtain their remedy within the corporation itself" before a derivative action can be brought. *Bridges v. Oates*, 167 N.C. App. 459, 467 (2004).  One of these intracorporate remedies is the making of a "demand" upon the corporation to take suitable action.  Russell M. Robinson, II, ROBINSON ON NORTH CAROLINA CORPORATION LAW, § 17.03[1] (7th ed. 2009).  "A plaintiff's failure to satisfy this demand requirement constitutes an insurmountable bar to recovery."  *Green v.*

---

[9] Claims One, Two and Four deal solely with Defendant Shirely Smith and need not be mentioned for this Motion.
[10] Resp. Dismiss Def. Jeanette Smith and LCBS Mot. Summ. J. 2
[11] Def. Jeanette Smith and LCBS Mem. Supp. Mot. Summ. J. ("Memo") 3
[12] Memo 5

*Condra*, 2009 NCBC 21, ¶ 89 (internal quotations omitted). Plaintiff Moore did not follow these or other required procedures relative to derivative claims. While he has attempted to file this action on behalf of himself and ABS as a corporation, he has no authority to assert derivative Claims on behalf of ABS.

[15] Plaintiff Moore admitted during his deposition that he was bringing this civil action only in his capacity as a shareholder and owner of ABS.[13] Because the Claims are inherently derivative, Moore does not have individual standing to proceed with any Claims against Jeanette Smith. As there exists no genuine issue of material fact in this regard, summary judgment should be GRANTED in favor of Defendants as to Plaintiff Moore.

[16] Neither Plaintiff Moore nor any other representative for ABS has produced a valid covenant not to compete or other restrictive employment contract relative to Jeanette Smith that would work to prevent her from competing with ABS. All that is before the court is an employment contract, submitted by Moore, with regard to a third party that Jeanette Smith witnessed and signed. While that would make her aware of the policies, it would not make the policies enforceable against her. Without an enforceable non-compete contract, ABS would have no authority to enforce a non-competition policy against Jeanette Smith and LCBS.

[17] Under the undisputed facts and the Claims as stated, there exists no legal theory for recovery by either Plaintiff against Jeanette Smith or LCBS. Consequently, Plaintiffs as a matter of law are not entitled to recovery against Jeanette Smith or LCBS, and summary judgment should be GRANTED in favor of those Defendants.

---

[13] Memo Ex. A 194-95.

NOW THEREFORE, based upon the foregoing, it is ORDERED that:

[18]    Defendants Jeanette Smith and Life Changing Behavioral Services, LLC are entitled to summary judgment in their favor as to Plaintiffs' Claims Three, Five, Six, Seven and Eight.  Those Claims therefore are DISMISSED.

[19]     This Opinion and Order resolves all Claims alleged by Plaintiffs against either Jeanette Smith or Life Changing Behavioral Services, LLC, and they therefore are DISMISSED from this civil action.

[20]    Costs as to the Plaintiffs' Claims against Jeanette Smith and Life Changing Behavioral Services, LLC are taxed to Plaintiffs.

SO ORDERED, this the 8th day of July, 2011.