Lecann v. Cobham, 2011 NCBC 29.

STATE OF NORTH CAROLINA          IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION

COUNTY OF WAKE                       10 CVS 11169

| | | |
|---|---|---|
| NICOLE LECANN, DDS, Individually and Derivatively, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER ON MOTIONS** |
| | ) | **FOR SUMMARY JUDGMENT** |
| SHARON COBHAM, DDS, et al., | ) | |
| Defendants/ | ) | |
| Third-Party Plaintiffs | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CHL II, LLC, et al., | ) | |
| Third-Party Defendants | ) | |

THIS CAUSE, designated a complex business case by Order of the Chief Justice of the North Carolina Supreme Court, pursuant to N.C. Gen. Stat. § 7A-45.4(b) (hereinafter, all references to the North Carolina General Statutes will be to "G.S."), and assigned to the undersigned Chief Special Superior Court Judge for Complex Business Cases, is before the court upon the Plaintiff Nicole LeCann's ("LeCann") Motion for Summary Judgment (the "Plaintiff's Motion") and the Defendants/Third Party Plaintiffs' Motion for Summary Judgment (the "Defendants' Motion") (collectively, the "Motions"), pursuant to the provisions of Rule 56(c), North Carolina Rules of Civil Procedure ("Rule(s)"); and

THE COURT, having considered the Motions, the arguments and briefs in support of and opposition to the Motions and appropriate matters of record,

CONCLUDES that the Plaintiff's Motion should be GRANTED in part and DENIED in part, and the Defendants' Motion should be DENIED, for the reasons stated herein.

*Sasser Fields, LLP by Robert E. Fields III, Esq. for Plaintiff.*

*Northern Blue, LLP by David M. Rooks III, Esq. for Defendant/Third Party Plaintiff Sharon Cobham.*

Jolly, Judge.

I.

FACTUAL BACKGROUND

[1]     Unless otherwise indicated herein, the material facts reflected in paragraphs 2 through 10, 20 and 25 of this Opinion and Order are undisputed[1] and are pertinent to the issues raised by the Motions.

[2]     At times material to this civil action, Plaintiff LeCann and Defendant Sharon Cobham ("Cobham") were joint and equal owners of several dental practices (collectively, the "Entities") and three limited liability companies located in North Carolina.[2]  The Entities were: SHARON COBHAM, D.D.S. & NICOLE LECANN, D.D.S. IV, P.A. (a/k/a NORTH HILLS FAMILY DENTAL CARE) (the "North Hills Practice"); SHARON COBHAM, D.D.S. & NICOLE LECANN, D.D.S. V. P.A. (a/k/a DURHAM FAMILY DENTAL CARE) (the "Durham Practice"); SHARON J. COBHAM, D.D.S. & NICOLE LECANN, D.D.S., P.A. (a/k/a ANNE ELIZABETH FAMILY DENTAL CARE) (the "Burlington Practice"); SHARON JOVANNA COBHAM, D.D.S. & NICOLE LECANN, D.D.S. & ASSOCIATES, P.A. (a/k/a APEX FAMILY DENTAL CARE) (the "Apex"

---

[1] It is not proper for a trial court to make findings of fact in determining a motion for summary judgment under Rule 56.  However, it is appropriate for a Rule 56 Order to reflect material facts that the court concludes exist and are not disputed, and which support the legal conclusions with regard to summary judgment. *Hyde Ins. Agency v. Dixie Leasing*, 26 N.C. App. 138 (1975).
[2] Compl. ¶ 3.

Practice); SHARON COBHAM, D.D.S. AND NICOLE LECANN, D.D.S. II. P.A. (a/k/a WINSTON-SALEM II) (the "Winston-Salem Practice").[3] The limited liability companies were: CHL II, LLC ("CHL"); MHP III, LLC ("MHP") and SCNL, LLC ("SCNL").[4] Defendant Cobham also was the sole owner of Sharon Jovanna Cobham, D.D.S., P.A. ("Winston-Salem I"), a dental practice in Winston Salem.

[3]     LeCann and Cobham were the only two officers and directors of the Entities.[5] They became deadlocked as to the management and operation of the Entities, and were unable to break the deadlock. Their relationship, both professional and personal, has since deteriorated.

[4]     On July 12, 2010, Plaintiff filed her Complaint in this matter, by which she seeks relief in eight (8) Counts ("Claim(s)"): Count I (Removal of Director); Count II (Breach of Fiduciary Duty to Plaintiff); Count III (Derivative Claim - Breach of Fiduciary Duty, Mismanagement and Waste); Count IV (Derivative Claim - Conversion, Money had and Received, and Money on an Account); Count V (Tortious Interference with Contracts and Prospective Economic Advantages); Count VI (Derivative Claim - Tortious Interference with Contracts and Prospective Economic Advantages); Count VII (Derivative and Individual - Unfair and Deceptive Trade Practices) and Count VIII (Derivative Action - Conflict of Interest and Self-Dealing).

[5]     Defendant Cobham has timely answered and asserted a counterclaim against Plaintiff individually, cross-claims against the Entities and third-party claims against MHP and SCNL (the "Answer").

[6]     On September 17, 2010, Plaintiff filed her Motion.

---

[3] *Id.*
[4] *Id.*
[5] *Id.* ¶ 8.

[7]     In its Order on Motion for Dissolution and Appointment of Receiver (the "Dissolution Order"), entered on September 29, 2010, the court dissolved the Entities pursuant to G.S. 55-14-30, dissolved the limited liability companies pursuant to G.S. 57C-6-02 and appointed Dr. Joseph Laton, D.D.S. to serve as the Receiver for the Entities.[6]

[8]     On October 6, 2010, Defendant filed her Motion.

[9]     On December 9, 2010, the court authorized the Receiver to go forward with four transfer agreements (the "Transfer Agreements") whereby he offered to transfer to Plaintiff LeCann and Defendant Cobham, individually, practice locations and assets of four of the dissolved Entities.  The transfer was anticipated to be in exchange for assumption and ultimate satisfaction by LeCann and Cobham of certain debts and obligations associated with the respective dissolved Entities involved.  Pursuant to the Transfer Agreements, Plaintiff LeCann assumed the obligations related to the North Hills and Apex practices and Defendant assumed the obligations related to the Durham and Burlington practices.

[10]     Effective December 1, 2010, Plaintiff and Defendant began operating new, solely owned dental practices from the old locations.

[11]     The Motions have been fully brief and argued, and are ripe for determination.

---

[6] On March 8, 2011, the court discharged Dr. Laton as Receiver and appointed Christine Mayhew, Esq. as substitute Receiver.

II.

MOTIONS FOR SUMMARY JUDGMENT

A.

Plaintiff's Motion

[12]     Under Rule 56(c), summary judgment is to be rendered "forthwith" if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that upon the forecast of evidence there exists no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law. *Grayson v. High Point Dev. Ltd. P'ship*, 175 N.C. App. 786, 788 (2006). The court views the evidence in the light most favorable to the nonmoving party. *Bruce-Terminix Co. v. Zurich Ins. Co.*, 130 N.C. App. 729, 733 (1998).

[13]     Plaintiff moves the court for partial summary judgment requiring dissolution of the Entities and appointing a licensed dentist to serve as receiver for purposes of winding up the affairs of the Entities, with the exception of prosecution of the Claims encompassed by Plaintiff's derivative Claims ("Derivative Claims") for alleged breach of fiduciary duty and self-dealing by Defendant Cobham and recovery of unauthorized transfers made by Defendant Cobham from one or more of the Entities to Winston-Salem I, her solely-owned practice. Plaintiff requests that the right and responsibility to prosecute the Derivative Claims remain with her and not the Receiver.

[14]     In response, Defendant Cobham argues that Plaintiff is improperly asserting the Derivative Claims, as to which Defendant argues Plaintiff LeCann has not made demand as required by North Carolina law.[7] Therefore, Cobham contends, the

---

[7] For the reasons stated below, the court concludes that the demand by LeCann was proper.

court should order the Receiver to pursue any corporate claims against her rather than Plaintiff.

[15]    In light of the court's Dissolution Order, Plaintiff's Motion with respect to the dissolution of the Entities and the appointment of a Receiver is MOOT. Accordingly, Plaintiff's Motion with respect to those requests should be DENIED.

[16]    With regard to Plaintiff's contention that the court should allow her to continue prosecution of the Derivative Claims asserted against Defendant Cobham, the court notes that Plaintiff has vigorously and thoroughly pursued the Derivative Claims so far in the litigation process. Plaintiff is more knowledgeable about the Claims and the facts than the Receiver, who has only been involved in this matter since March 2011. The court is not persuaded by Defendant's contention that LeCann is unable to prosecute the derivative Claims because of hostility between the parties.

[17]    Accordingly, the court CONCLUDES that Plaintiff is a proper party to prosecute the Derivative Claims, and Plaintiff's Motion in that regard should be GRANTED.

B.

Defendant's Motion

[18]    Defendant Cobham contends that she is entitled to summary judgment on Counts II through VIII of Plaintiff's Complaint because Plaintiff has not properly asserted the Derivative Claims and because Plaintiff's individual claims fail since shareholders generally are not entitled to sue for injuries to a corporation.

1.

## Derivative Claims – Demand Requirement

[19]    Specifically, Defendant contends that Plaintiff failed to make demand pursuant to G.S. 55-7-42 prior to asserting the Derivative Claims.

[20]    Plaintiff responds that on numerous occasions, and more than ninety (90) days before filing the Complaint,[8] she made written demand upon Defendant Cobham to stop her alleged misappropriation of corporate funds.  In support of this contention, Plaintiff submits copies of e-mails, affidavits and even Defendant's Answer, in which Defendant acknowledges that Plaintiff objected to Defendant's transfers of funds to Defendant's solely owned practice, Winston Salem I.[9]

[21]    Under North Carolina law, if shareholders bring an action to enforce a primary right belonging to the corporation, their claim is derivative and the corporation is a necessary party.  *Howell v. Fisher*, 49 N.C. App. 488, 492 (1980).  North Carolina law requires shareholders to "seek to obtain their remedy within the corporation itself" before a derivative action can be brought.  *Bridges v. Oates*, 167 N.C. App. 459, 467 (2004).  One of these intracorporate remedies is the making of a "demand" upon the corporation to take suitable action.  Russell M. Robinson, II, ROBINSON ON NORTH CAROLINA CORPORATION LAW, § 17.03[1] (7th ed. 2009).

[22]    Under North Carolina's demand requirement:

> No shareholder may commence a derivative proceeding until: (1) written demand has been made upon the corporation to take suitable action; and (2) 90 days have expired from the date the demand was made unless, prior to

---

[8] Plaintiff argues in the alternative, that even without demands, Plaintiff has standing to proceed directly as the only disinterested shareholder since Defendant Cobham is disqualified from acting with regard to such claims by virtue of her conflict of interest.

[9] *See* Answer ¶ 20.

the expiration of the 90 days, the shareholder was notified that the corporation rejected the demand, or unless irreparable injury to the corporation would result by waiting for the expiration of the 90-day period.

G.S. 55-7-42.

[23]  "A plaintiff's failure to satisfy this demand requirement constitutes an insurmountable bar to recovery."  *Green v. Condra*, 2009 NCBC 21, ¶ 89 (internal quotations omitted).

[24]  "The form of the demand is not specified, except to require that it be in writing; but to serve its purpose it should set forth the facts of share ownership and describe the redress demanded with enough particularity to allow the corporation either to correct the problem, if any, without a lawsuit or to bring its own direct action." ROBINSON ON NORTH CAROLINA CORPORATION LAW, § 17.03[1] (7th ed. 2009).  This court has noted that "[i]n determining whether the demand requirement has been met the Court must compare the derivative claims asserted in a complaint against the specific demands a plaintiff has made prior to filing suit."  *Garlock v. Hilliard*, 2000 NCBC 11, ¶ 14 (N.C. Super. 2000).  The demand must be made with sufficient clarity and particularity to permit the corporation to assess its rights and obligations and determine what action is in the best interest of the company.  *Id.*

[25]  Plaintiff argues that she made written demand numerous times upon Defendant Cobham to cease and desist from diverting corporate funds.  Plaintiff submits several e-mails dating back to 2009 in which Plaintiff demands that Defendant Cobham cease transferring corporate funds and to return any money already transferred.[10] Plaintiff also submits two sworn affidavits in which she testifies that she repeatedly made

---

[10] July 16, 2010 LeCann Aff. Exs. C, G; July 23, 2010 LeCann Aff. Ex. B; Pl. Reply Br. Supp. Mot. Summ. J. Ex. A.

demands on Defendant to stop diverting funds. Plaintiff's demands were clear and were particular enough to put Defendant Cobham reasonably on notice as to the substance of Plaintiff's objections.[11]

[26]    Based upon the evidence submitted by Plaintiff, the court CONCLUDES that Plaintiff made proper demand before asserting the Derivative Claims and therefore, may proceed with them in this action. Defendant Cobham's Motion in this regard should be DENIED.

2.

Plaintiff's Individual Claims

[27]    The court now turns to whether Plaintiff has valid individual Claims against Defendant Cobham. Defendant categorizes Plaintiff's individual Claims as derivative and contends that Plaintiff may not proceed with her individual Claims since Plaintiff is a 50 percent owner and not at risk of being oppressed by a majority shareholder. Defendant further argues that allowing Plaintiff to proceed with her individual Claims poses a serious risk to the claims and interest of creditors of the Entities. Plaintiff responds that Defendant owed her a special duty as the only other shareholder in the Entities and that she has suffered an injury separate and distinct from the Entities.

[28]    It is a well-established rule in North Carolina "that shareholders cannot pursue individual causes of action against third parties for wrongs or injuries to the corporation that result in the diminution or destruction of the value of their stock." *Barger v. McCoy Hillard & Parks,* 346 N.C. 650, 658 (1997). Shareholders cannot bring actions in their individual capacity to enforce causes of action accruing to the corporation. *Fulton v. Talbert*, 255 N.C. 183, 185 (1961).

---

[11] July 16, 2010 LeCann Aff.; July 23, 2010 LeCann Aff.

[29]    There are, however, two exceptions to the *Barger* rule:

> [A] shareholder may maintain an individual action against a third party for an injury that directly affects the shareholder, even if the corporation also has a cause of action arising from the same wrong, if the shareholder can show that the wrongdoer owed him a *special duty* or that the *injury suffered by the shareholder is separate and distinct* from the injury sustained by the other shareholders or the corporation itself.

*Regions Bank v. Reg'l Prop. Dev. Corp.*, 2008 NCBC 8, ¶ 45 (2008) (quoting *Barger*, 346 N.C. at 658-59) (emphasis added).

[30]    To proceed under the first, or "special duty" exception to *Barger*, "the [special] duty must be one that the alleged wrongdoer owed directly to the shareholder as an individual." *Barger*, 346 N.C. at 659 (internal quotations omitted).

[31]    The special duty may arise from contract or otherwise. *Id* at 659. "The existence of a special duty thus would be established by facts showing that defendants owed a special duty to plaintiffs that was personal to plaintiffs as shareholders and was separate and distinct from the duty defendants owed the corporation." *Id.* A special duty has been found when an individual was induced to become a shareholder by the wrongful actions of a party. *Id.* (citing *Howell*, 49 N.C. App. at 498). Other examples include "when a party violated its fiduciary duty to the shareholder . . . when the party performed individualized services directly for the shareholder . . . and when a party undertook to advise shareholders independently of the corporation . . . ." *Id.* (internal citations omitted).

[32]    Here, Plaintiff has alleged that Defendant, as the only other shareholder in the Entities, owes both Plaintiff and the Entities a fiduciary duty of due care, good

faith, loyalty, fair dealing and full disclosure.[12]  In fact, in her Answer, Defendant alleges that Plaintiff, "as an officer, director or manager of the [Entities] owes a duty of care, good faith, loyalty, fair dealing, full disclosure, avoidance of self dealing . . . to the [Entities] and to her business partner, Dr. Cobham."[13]  It appears that the parties, as fifty percent shareholders in the Entities, acted more as partners than shareholders.

[33]    Given the nature of the professional relationship between the parties, the organization of the Entities and the fact that both parties contend they owed the other a fiduciary duty of care, the court CONCLUDES that there exists one or more genuine issues of material fact as to whether Defendant Cobham owed Plaintiff a special duty under the first exception to the *Barger* rule.  Accordingly, Defendant's Motion in this regard should be DENIED.

III.

ORDER

NOW THEREFORE, based upon the foregoing CONCLUSIONS, it hereby is ORDERED that:

[34]    Plaintiff LeCann's Motion for Summary Judgment is MOOT with regard to her request for dissolution of the Entities and appointment of a Receiver, and it therefore is DENIED.

[35]    Plaintiff's Motion is GRANTED with regard to her request that she prosecute the Derivative Claims asserted in the Complaint.

[36]    Defendant Cobham's Motion for Summary Judgment is DENIED.

---

[12] Compl. ¶ 28.
[13] Answer ¶ 27.

[37]     This matter will be called for non-jury trial at 10:00 a.m., on August 15, 2011.  Trial will be held at the North Carolina Business Court, 225 Hillsborough Street, Suite 303, Raleigh, North Carolina 20603.

[38]     On or before the close of business on Monday, August 8, 2011, each party shall file with the court (a) a trial brief stating that party's contentions and arguments with regard to the legal, factual and evidentiary issues reasonably anticipated to be raised at trial of this matter; (b) proposed findings of fact and conclusions of law and (c) any motions in limine requiring resolution before trial.  If opposing counsel wishes to respond to any of the foregoing, such response shall be filed with the court before the close of business on Thursday, August 11, 2011.

SO ORDERED, this the 2nd day of August, 2011.